UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF SPRINGFIELD, MISSOURI, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 4:18cv2015 HEA ) |
| T-MOBILE CENTRAL LLC, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

### INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Remand [Doc. No. 11], brought pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, the Court grants the motion and remands this case to the Circuit Court of St. Louis County, Missouri.

### FACTS AND BACKGROUND

The facts relevant to the Court's disposition of this motion are as follow. Plaintiff brought this action in Circuit Court of St. Louis County, Missouri against Defendants for delinquent taxes and other relief. Plaintiffs are Cities which impose municipal business license taxes on telephone companies doing business in the Plaintiff Cities. Defendants are telephone companies which do business in the Cities and are allegedly required to pay the Cities' license taxes. Defendants

previously entered into a class action settlement agreement with the Cities of Grandview, Lee's Summit, and Webster Groves. This settlement agreement was approved by the Circuit Court of the County of St. Louis, Missouri. The Settlement Agreement requires Defendants to pay the Cities' license taxes. Plaintiffs allege Defendants have not done so.

The Petition contains the following 19 counts: Counts I-IV seek delinquent local taxes, interest, and penalties. Counts V-VIII seek rulings that Defendants have violated Missouri State statutes and subjected the Cities to undue and unreasonable prejudice and disadvantage. Counts IX-XII seek declaratory judgments regarding Defendants' obligations to pay local license taxes and the enforcement of those taxes. Counts XIII-XVI seek an accounting of Defendants' gross receipts to determine the extent of Defendants' alleged underpayment of taxes. Counts XVII-XIX allege breach of contract claims for Defendants' alleged violations of the class action settlement agreement.

The Settlement Agreement contains a forum selection clause wherein the parties agreed that the Circuit Court of the County of St. Louis Missouri will

> [R]etain jurisdiction, after entry of the Order and Judgment of Dismissal with respect to enforcement of the terms of this Settlement, and all Parties and Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of the Settlement and any dispute with respect thereto.

Further, the settlement agreement defined "Court" as the Circuit Court of the

Count of St. Louis, Missouri.

Plaintiffs filed this action on November 2, 2018 in the Circuit Court of the County of St. Louis. Defendants removed based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs move to remand based on the forum selection clause contained in the settlement agreement. Defendants oppose remand arguing that the forum selection clause is insufficient to waive their removal rights.

## DISCUSSION

Section 1441 of Title 28 generally provides a defendant in a state civil case the right to remove that case to federal district court, assuming the case could have been brought there originally. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). In turn, the plaintiff may move to have the case remanded if subject matter jurisdiction is lacking, or if some other defect makes removal improper. *See* 28 U.S.C. § 1447(c). Courts who have considered the issue, including the Eighth Circuit, have concluded that removal in the face of a valid forum selection clause fixing venue in the state courts is the sort of defect that qualifies a case for remand. *See, e.g.*, *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1082 (8th Cir. 2005). There is a strong presumption in favor of finding forum selection clauses valid and enforceable. *See Atl. Marine Constr. Co. v. U.S. Dist. Court*, —— U.S. ——, 134 S.Ct. 568, 583,

187 L.Ed.2d 487 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Where, as here, there is no allegation of fraud or overreaching in procurement of the forum selection clause, the only issue the Court need consider is whether the language of the clause acts as a waiver of the right to remove the case to federal court. *See Babe Winkelman Prods., Inc. v. Sports Design and Dev., Inc.*, No. Civ. 05–2971 DWF/RLE, 2006 WL 980821, at *2 (D. Minn. Apr. 7, 2006).

Courts differ regarding the level of specificity that the forum selection clause must show before removal is foreclosed. *See* James Wm. Moore et al., Moore's Federal Practice ¶ 107.130[2] (3d ed. 2016). The Eighth Circuit has adopted the stricter of the two prevailing standards, requiring that any contractual waiver of the right to remove must be "clear and unequivocal." *See Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989).

In *Weltman*, the court declared that an agreement that venue would be proper in state court did not constitute a waiver of the right to remove because it did not "address removal." 879 F.2d at 427. As several district courts have noted, however, because the Eighth Circuit did not provide the language of the clause it was

interpreting, the *Weltman* opinion is of limited value. *See, e.g.*, *Push Pedal Pull, Inc. v. Casperson*, 971 F.Supp.2d 918, 927 (D.S.D. 2013); *Babe Winkelman Prods.*, 2006 WL 980821, at *2. The other relevant Eighth Circuit case is *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081 (8th Cir. 2005). There, the court determined that a forum selection clause providing that the parties "irrevocably waive[d] any and all objections ... to the laying of venue ... in any such federal or state court in the State of Missouri" constituted a waiver of the right to remove a case first filed in Missouri state court. 394 F.3d at 1081–82. In so holding, the court emphasized that the parties had "waived any objections to the laying of venue in any court in Missouri." *Id.* at 1082. Removing the case to federal court was, in the court's opinion, just the sort of "objection" to venue that the clause unambiguously prohibited. *Id.*

While the forum selection clause before the Court does not specifically address removal, it does detail that the exclusive venue for any disputes arising out of the settlement agreement shall be litigated in St. Louis County state Court. Indeed, the State Court itself recognized the clear and unequivocal intent of the parties to the Agreement that any issues arise therefrom must be litigated in the St. Louis County State Court by retaining jurisdiction over these cases. In its Order and Judgment of Dismissal, the Court specifically ordered that

[T]he Court retains jurisdiction over the administration, interpretation, effectuation, or enforcement of the Settlement Agreement, and this Order and Judgment

of Dismissal, including any releases in connection therewith, and any other matters related or ancillary to the foregoing.

The Eighth Circuit has reiterated that "[w]hen analyzing the forum selection clause, we must "avoid an interpretation that renders a clause meaningless." *See Fortune Funding, LLC v. Ceridian Corp.*, 368 F.3d 985, 987 (8th Cir. 2004)" *Medtronic Sofamor Danek, Inc. v. Gannon*, 913 F.3d 704, 708–09 (8th Cir. 2019). Allowing removal would render the "exclusive jurisdiction" provision meaningless.

Moreover, it is significant that this case is not an initial action between the parties; rather, it was brought seeking compliance of the settlement agreement that resulted from the original class action suit brought in the state court. The State Court, having presided over the class action, specifically retained jurisdiction to decide the issues brought in this case based on what the parties have previously agreed to in the Settlement Agreement. These combined factors establish the parties clear and unequivocal intent to litigate any issues relating to the terms of the Settlement Agreement in the Circuit Court of St. Louis County, Missouri. *See, e.g.*, *OHM Hotel Group*, 2016 WL 427959, at *2 (forum selection clause designating the Circuit Court for St. Louis County, Missouri as the "sole and exclusive venue" for litigation resulting from agreement); *Push Pedal Pull*, 971 F.Supp.2d at 928 (forum selection clause providing that "the state court situated in Minnehaha County, South Dakota, shall be the exclusive jurisdiction of any

6

dispute relating to this Agreement'"); *Magness Oil*, 2012 WL 1884902, at *2 (forum selection clause mandating that "[a]ny action shall be adjudicated in the Circuit Court of Baxter County, Arkansas"); *Babe Winkelman Prods.*, 2006 WL 980821, at *1 (forum selection clause providing that any litigation "shall be brought in the District Court in the County of Crow Wing, State of Minnesota**"**). In every one of these cases, the considering court concluded that the language used by the parties was sufficiently "clear and unequivocal" to meet the requirements of *Weltman* and *iNet Directories*, even absent explicit mention of waiver of the right to removal. *See, e.g.*, *OHM Hotel Group*, 2016 WL 427959, at *7 ("While the mandatory forum selection clause here does not contain language explicitly waiving the right to object to venue or to remove, the Court concludes it is a sufficiently clear and unequivocal expression of the parties' intent to restrict all litigation between them to the Circuit Court of St. Louis County, Missouri, to operate as such a waiver.").

The Court is particularly mindful that to arrive at the position advocated by Defendants would be to render the express terms of the Agreement essentially meaningless. Such a result would be unjust to Plaintiffs and not in keeping with the clear expectations of the parties. Stated another way, it is not reasonable to conclude that contract language making the Circuit Court of St. Louis County the "exclusive" "venue for disputes relating to the Agreement means no more than 'the

7

exclusive venue until this case is removed to federal court.' The Court will not unnecessarily strain the plain language of the Agreement to reach that interpretation." *Valspar Corp. v. Sherman,* 211 F. Supp. 3d 1209, 1214. (D. Minn. 2016).

## CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, the Settlement Agreement sets out the parties' clear and unequivocal intent to litigate all claims and issues in the Circuit Court of St. Louis County, Missouri. The motion to remand is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERD** that the Clerk of Court is **DIRECTED** to furnish a certified copy of this Order to the clerk of the Circuit Court of St. Louis County, pursuant to 28 U.S.C. § 1447(c).

Dated this 19th day of June, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE